**Nathan Joshua RAMAZZINI, Petitioner—Appellee,**

v.

**R. KIRKLAND,* Respondent— Appellant.**

No. 04–17555.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2005.

Decided Dec. 21, 2005.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* Richard Kirkland is substituted for his predecessor, D. Runnels, pursuant to Fed. R.App. P. 43(c)(2).

---

Charles M. Bonneau, Jr., Esq., Law Offices of Charles M. Bonneau, Sacramento, CA, for Petitioner–Appellee.

Daniel Bernstein, Esq., Office of the California Attorney General, Department of Justice, Charles M. Bonneau, Jr., Esq., Law Offices of Charles M. Bonneau, Sacramento, CA, for Respondent–Appellant.

Before: GOODWIN, O'SCANNLAIN, and TALLMAN, Circuit Judges.

## MEMORANDUM **

A California jury convicted the petitioner, Nathan Ramazzini, of first-degree murder after he confessed to participating in the killing of Erik Ingebretsen. Ramazzini appealed, claiming that his confession was involuntary because police had threatened him with the death penalty. The California Court of Appeal rejected his appeal, finding that there was "no direct threat." After the California Supreme Court summarily denied review, Ramazzini filed a petition for a writ of habeas corpus in the District Court for the Eastern District of California.

The district court rejected the state court's reading of the factual record as "neither grammatically nor inferentially correct." Finding that Ramazzini had been threatened with the death penalty, the district court held that his confession was involuntary and granted his habeas petition.

We review the district court's decision to grant habeas corpus relief de novo. *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir.2004). Under AEDPA, that relief may not be granted unless the State court proceedings "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Under this section, the California state court's findings may not be disturbed unless we, "applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *Lambert*, 393 F.3d at 972 (citation and quotation marks omitted).

After reviewing the evidence, we conclude that the police detective's reference to the death penalty during Ramazzini's interrogation is amenable to more than one interpretation. The District Court of Appeal could reasonably conclude that the record supported the trial court's finding.

The district court based its decision largely on its own interpretation of the death penalty reference, noting that the other aspects of Ramazzini's interrogation were not overly coercive. Because we must defer to the state court's finding on

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

this key disputed issue, we are satisfied that the state court decision allowing the use of Ramazzini's confession at trial was not objectively unreasonable. 28 U.S.C. § 2254(d).

Therefore, the district court erred in granting his habeas petition.

**REVERSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.